USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1471 UNITED STATES OF AMERICA, Appellee, v. JOSE PARA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Damon M. D'Ambrosio and Martin D. Harris, Esquire, Ltd. on brief ___________________ ________________________________ for appellant. Edwin J. Gale, United States Attorney, Margaret E. Curran, ______________ ____________________ Assistant United States Attorney, and Gerard B. Sullivan, Assistant ___________________ United States Attorney, on brief for appellee. ____________________ November 8, 1993 ____________________ Per Curiam. Appellant Jose Para was sentenced to a Per Curiam __________ three-year prison term and a three-year term of supervised release on December 1, 1987, for distributing four and one-half ounces of cocaine in violation of 21 U.S.C. 841(a)(1),(b)(1)(- C), on or about May 6, 1987 ("first offense"). On or about May 6, 1989, after Para had served two years of the three-year prison term, the United States Parole Commission authorized his release on parole. On February 2, 1992, while still on super- vised release, Para was arrested for distributing a detectable amount of heroin, in violation of 21 U.S.C. 841(a)(1),(b)(1)(C) ("second offense"). In 1993, Para was convicted and sentenced to a sixteen-month prison term for the second offense. Following a violation hearing before the district court in the wake of the second offense, Para was sentenced to a consecutive sixteen-month prison term for violating the supervised release term imposed in connection with the first offense. We summarily reject Para's mischaracterization of the plain language of the December 1, 1987, judgment of conviction and sentence, as imposing a term of "special parole" rather than a term of "supervised release." The judgment explicitly imposed "a term of supervised release for a period of three years" following Para's release from prison. Undaunted, Para insists that, in fact, he must have been sentenced to a "special parole" term, because he was paroled by the United States Parole Commis- sion. "Special parole," prior to its elimination under the Sentencing Reform Act of 1984 (SRA), Gozlon-Peretz v. United _____________ ______ States, 498 U.S. 395, 397 (1991), was a mandatory element in any ______ __ ___ prison sentence imposed for a federal drug offense. The form of ______ ________ parole on which Para was released from prison in 1989, however, is merely a post-sentencing administrative ruling by the Parole Commission that the defendant should be conditionally released into the community prior to the completion of the full term of imprisonment imposed by the sentencing court. See Morrissey v. ___ _________ Brewer, 408 U.S. 471, 477 (1972). ______ Para's alternate claim is that the sixteen-month prison term the district court imposed in 1993 for committing the second offense while on supervised release is an invalid ex post facto __ ____ _____ punishment. See Hammond v. United States, 786 F.2d 8, 16 (1st ___ _______ ______ ______ Cir. 1986). Para reasons that in May of 1987 the date of the first offense a lawful term of supervised release could not have been imposed, no matter what the judgment of conviction and sentence stated, because the SRA did not take effect until November 1, 1987, well after the commission of the first offense. This claim is foreclosed by Gozlon-Peretz, which held _____________ that, "in the interim period between October 27, 1986, and November 1, 1987, supervised release applies for all drug offens- es in the categories specified by ADAA 1002" [Section 1002 of the Anti Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat 3207]. 498 U.S. at 409. Since the first offense was for an ADAA 1002 violation (distribution of cocaine in violation of 21 U.S.C. 841(a)(1),(b)(1)(C)) and ADAA 1002 became effective upon its enactment on October 27, 1986, the district court 3 correctly sentenced Para to a mandatory term of supervised release on December 1, 1987, see 21 U.S.C. 841(a)(1), (b)- ___ (1)(C). The district court judgment is summarily affirmed. See _________________________________________________ ___ Loc. R. 27.1. ____________ 4